IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jerry Gibson,<br><br>                      Plaintiff,<br><br>              vs.<br><br>ICC Mr. Baker; ICC Mr. Rabb; ICC<br>Ms. Kinard; Warden Tim Riley; Capt.<br>S. Alexander; Capt. B. Laughter;<br>Major Brewton; ICC Ms. Laughter;<br>Warden Asst. Ms. Fincher; IGA Ann<br>Hallman; IGC M. Fowler; Chief Branch;<br>and Cynthia Mims,<br><br>                      Defendants. | Civil Action No. 6:07-0407-JFA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on motion for summary judgment filed by the plaintiff (doc. 27) and the defendants (doc. 19). In his complaint, the plaintiff, a state court prisoner proceeding *pro se,* alleges that the defendants failed to follow policy procedures regarding disciplinary infractions at Tyger River Correctional Institution in failing to serve him with a pre-hearing detention notice and failing to have his case reviewed by the institutional Classification Committee. The plaintiff claims that the actions of the defendants violated his constitutional rights. He seeks money damages (comp. 9).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The defendants filed a motion for summary judgment on May 15, 2007. By order filed May 16, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible

consequences if he failed to adequately respond to the motion. On June 18, 2007, the plaintiff filed his own motion for summary judgment, and on June 21, 2007, he filed a response to the defendants' motion for summary judgment. The plaintiff's motion for summary judgment does not contain a certificate of service showing that it was served on the defendants.

## **FACTS PRESENTED**

The plaintiff began serving a 10-year sentence for second degree burglary on February 11, 2005. At all times mentioned in his complaint, the plaintiff was an inmate at the Tyger River Correctional Institution. Since entering the prison system, the plaintiff has had numerous disciplinary charges filed against him. The first of these disciplinary charges occurred on July 25, 2005, when he was charged with threatening to inflict harm on an officer (Riley aff. ¶ 5). The plaintiff had a hearing regarding this charge on August 4, 2005. The charge was changed to inciting and creating a disturbance, and he was convicted of this charge. He was sentenced to 90 days of disciplinary detention and was immediately taken to lock-up to serve his disciplinary detention time (Riley aff. ¶ 5). The plaintiff signed SCDC Form 19-69, Disciplinary Report and Hearing Record, which advised him of his sanctions, to include the 90 days of disciplinary detention (Riley aff. ¶ 5; def. m.s.j., ex. A, SCDC Form 19-69).

Since the initial above-referenced disciplinary charge, hearing, and conviction, the plaintiff has had disciplinary charges filed against him on at least 29 occasions, at least 19 of which have resulted in convictions (def. m.s.j., ex. B, Inmate Record Summary, pp. 2-3). For each disciplinary charge, a hearing was held, and the plaintiff was given the opportunity to be present at each of those hearings (Riley aff. ¶ 6). Those charges resulting in convictions also led to additional disciplinary detention time. Since his initial conviction on August 4, 2005, the plaintiff has remained in disciplinary detention. As required by

2

SCDC policy, every 30 days the Warden, or his designee, reviews the case of every inmate in disciplinary detention (Riley aff. ¶ 10; Rabb aff. ¶ 9; Fowler aff. ¶ 11). These 30-day reviews of the plaintiff's case were performed as required (def. m.s.j., ex. C, Staff Memoranda, pp. 1-4).

According to the defendants, the plaintiff was at all times in disciplinary detention, rather than security detention. Accordingly, no pre-hearing detention notice was required (Mims aff. ¶ 6; Hallman aff. ¶ 6; Kinard aff. ¶ 4).

On November 11, 2006, the plaintiff filed a grievance alleging that SCDC policies and procedures were not being followed. The allegations in that grievance are substantially similar to those found in his complaint (Fowler aff. ¶ 7; def. m.s.j., ex. D, Inmate Grievance Form, Step 1). On December 8, 2006, the plaintiff received notice that his grievance was denied on the grounds that the policy language he cited as the basis for his grievance was inapplicable to him (Fowler aff. ¶ 8; def. m.s.j., ex. E, Warden's Decision and Reason). The plaintiff filed an appeal from this decision, which was also denied (Fowler aff. ¶ 8; def. m.s.j., ex. F, Inmate Grievance Form, Step 2). The denial states that the plaintiff cited the portion of policy that pertains to security detention rather than to disciplinary detention. Noted on the bottom of Exhibit "F," Inmate Grievance Form Step 2, is an instruction regarding further appeal. Specifically, the exhibit reads, "You may appeal this decision under the Administrative Procedures Act to the Administrative Law Court. In order to appeal, you must fill out the attached Notice of Appeal Form and submit it as instructed on the form within 30 days of receipt." The plaintiff never appealed this decision to the Administrative Law Court (Hallman aff. ¶ 5).

**APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

3

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

4

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants are employees of the SCDC and, thus, state officials acting in their official capacity while employed by the SCDC. Accordingly, they are entitled to Eleventh Amendment Immunity from monetary damages for actions in their official capacities absent some statutory waiver. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). As noted above, the plaintiff seeks monetary damages in this case. As no statutory waiver of immunity exists, the defendants' motion for summary judgment should be granted as to the individual defendants in their official capacities.

The defendants argue that they are entitled to qualified immunity as their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person should have known. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before

5

addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

In this case, as set forth above, the plaintiff makes vague allegations that he has been denied due process and equal protection. As set forth above, the defendants have presented evidence that the required 30-day reviews of the plaintiff's case were performed as required (def. m.s.j., ex. C, Staff Memoranda, pp. 1-4). The plaintiff has failed to demonstrate that the defendants violated any of his constitutional rights. Therefore, the defendants are entitled to qualified immunity.

If the complaint is construed to state a claim under the South Carolina Tort Claims Act, the claim should be dismissed as the plaintiff has failed to assert any facts that would imply gross negligence on the part of the defendants. Therefore, the alleged acts of the defendants fall within the exception to the waiver of immunity set forth in South Carolina Code Annotated Section 15-78-60(25).[1]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted and the plaintiff's motion for

---

[1] This section provides:

> The governmental entity is not liable for a loss resulting from:
> \*\*\*
> (25) responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner .
> . . .
> S.C. Code Ann. § 15-78-60(25).

6

summary judgment be denied. The plaintiff is reminded that any pleading, motion, or other paper filed by him in this court must be served upon counsel for the defendants. *See* Fed. R. Civ. P. 5. Further, any subsequent document filed in this court shall have a signed certificate of service attached which states who was served, what document was served, and how the document was served.

                                                      s/William M. Catoe
                                                      United States Magistrate Judge

September 4, 2007

Greenville, South Carolina