IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jerry Gibson, | ) | C/A No. 6:07-407-JFA-WMC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ICC Mr. Baker, ICC Mr. Rabb; ICC | ) | |
| Ms. Kinard; Warden Tim Riley; Capt. | ) | **ORDER** |
| S. Alexander; Capt. B. Laughter; | ) | |
| Major Brewton; ICC Ms. Laughter; | ) | |
| Warden Asst. Ms. Fincher; IGA Ann | ) | |
| Hallman; IGC M. Fowler; Chief Branch; | ) | |
| and Cynthia Mims, | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The *pro se* plaintiff is an inmate with the South Carolina Department of Corrections and brings this action pursuant to 42 U.S.C. § 1983. Plaintiff complains that defendants

failed to follow policy procedures regarding disciplinary infractions at Tyger River Correctional Institution by failing to serve him with a pre-hearing detention notice and failing to have his case reviewed by the institutional Classification Committee, thereby violating his constitutional rights.

In accordance with established procedures in this District, the case was referred to a Magistrate Judge for pretrial handling. In a Report and Recommendation filed September 4, 2007, the Magistrate Judge suggests, inter alia, that plaintiff has not exhausted his administrative remedies.

Plaintiff filed objections to the Report and Recommendation. The court has conducted the required *de novo* review of those objections and finds them unpersuasive.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court agrees that the plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a), and thus he is precluded from bringing this § 1983 action. Accordingly, the court incorporates by reference the introduction and "Facts Presented" portion of the Report and Recommendation and dismisses the action without prejudice.

IT IS SO ORDERED.

January 29, 2008                         Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge